**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| GARY L. CARLTON and<br>BOBBY A. LEVESQUE,<br><br>    Plaintiffs,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA,<br><br>    Defendant & Third-Party Plaintiff,<br><br>v.<br><br>ASHLEY D. CROSS,<br><br>    Third-Party Defendant. | )<br>)<br>)<br>)<br>)<br>)  Docket No. 08-cv-170-P-S<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

Before the Court is Third-Party Defendant Ashley D. Cross's Motion for
Summary Judgment (Docket # 25).  As explained herein, the Court GRANTS the motion.

**I.     SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only if the record shows "that there is no
genuine issue as to any material fact and that the movant is entitled to judgment as a
matter of law."  Fed. R. Civ. P. 56(c); see also Santoni v. Potter, 369 F.3d 594, 598 (1st
Cir. 2004).  "In this regard, 'material' means that a contested fact has the potential to
change the outcome of the suit under the governing law if the dispute over it is resolved
favorably to the nonmovant.  By like token, 'genuine' means that the evidence about the
fact is such that a reasonable jury could resolve the point in favor of the nonmoving

party." Navarro v. Pfizer Corp., 261 F.3d 90, 93-94 (1st Cir. 2001) (quoting McCarthy v.

Nw. Airlines, Inc., 56 F.3d 313, 315 (1st Cir. 1995)).

The party moving for summary judgment must demonstrate an absence of

evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317,

325 (1986).  In determining whether this burden is met, the Court must view the record in

the light most favorable to the nonmoving party and give that party the benefit of all

reasonable inferences in its favor. See Santoni, 369 F.3d at 598.  Once the moving party

has made a preliminary showing that no genuine issue of material fact exists, the

nonmovant must "produce specific facts, in suitable evidentiary form, to establish the

presence of a trialworthy issue." Triangle Trading Co. v. Robroy Indus., Inc., 200 F.3d 1,

2 (1st Cir. 1999) (citation and internal punctuation omitted); see also Fed. R. Civ. P.

56(e).  "As to any essential factual element of its claim on which the nonmovant would

bear the burden of proof at trial, its failure to come forward with sufficient evidence to

generate a trialworthy issue warrants summary judgment to the moving party."  In re

Spigel, 260 F.3d 27, 31 (1st Cir. 2001) (citation and internal punctuation omitted).

Plaintiffs have not responded to the instant motion for summary judgment.

Consequently, they are deemed to have waived objection thereto. See D. Me. Loc. R.

7(b); see also D. Me. Loc. R. 56(f); Cabán Hernández v. Philip Morris USA, Inc., 486

F.3d 1, 7 (1st Cir. 2007).[1]  Of course, Plaintiffs' silence does not automatically entitle

Cross to summary judgment; the Court has an overriding obligation to first inquire

"whether the moving party has met its burden to demonstrate undisputed facts entitling it

---

[1] The First Circuit has "held consistently that pro se status does not free a litigant in a civil case of the obligation to comply with procedural rules." Ruiz Rivera v. Riley, 209 F.3d 24, 28 n.2 (1st Cir. 2000); see also Demmons v. Tritch, 484 F. Supp. 2d 177, 182 (D. Me. 2007) (describing "fair notice" rule for *pro se* prisoner litigants).

to summary judgment as a matter of law." Jaroma v. Massey, 873 F.2d 17, 20 (1st Cir. 1989).

## II.      FACTUAL BACKGROUND

Defendant Prudential Insurance Company of America ("Prudential") issued service member Keith Wood, under the Servicemen's Group Life Insurance program ("SGLI"), a life insurance policy for $400,000.  On September 8, 2006, Wood designated his fiancée, Ashley D. Cross, as sole principal beneficiary.  (See Ex. C to Aff. of Ashley D. Cross (Docket # 27-4).)  On November 30, 2007, Wood tragically committed suicide; Cross filed a claim for benefits soon thereafter.  (See Exs. A and B to Aff. of Ashley D. Cross (Docket #s 27-2 & 27-3).)

Plaintiffs Gary Carlton and Bobby Levesque, Wood's foster parents, contacted Prudential to protest payment to Cross.  They also filed in York County Superior Court the instant action to sequester the proceeds of Wood's insurance policy pending resolution of a separate state court complaint against Cross.[2]  Prudential timely removed to this Court, asserted a counterclaim and third-party complaint for interpleader relief, and sought permission to deposit the contested proceeds into the Court's registry.   (See Answer (Docket # 6) ¶¶ 19-24; Petition (Docket # 17).)  The Court granted Prudential's Petition without objection.  (See Order (Docket # 19).)

Cross now seeks entry of judgment pursuant to her rights as the policy's sole designated beneficiary, a status which all parties acknowledge.

---

[2] The parties have not filed with the Court a copy of Plaintiffs' state court complaint against Cross, York County Superior Court, Docket No. 2008-CV-46.

## III.    DISCUSSION

In short, federal law commands the payment of proceeds to which Cross is legally entitled.  The SGLI "establishes a specified order of precedence for policy beneficiaries. By this statutory provision, the proceeds of a policy are paid first to such 'beneficiary or beneficiaries as the member . . . may have designated by [an appropriately filed] writing received prior to death.'"  Ridgway v. Ridgway, 454 U.S. 46, 52 (1981) (citation and internal punctuation omitted); see also 38 U.S.C. § 1970(a).  Wood possessed "an absolute right to designate the policy beneficiary," and he named Cross.  Ridgway, 454 U.S. at 55.

Of course, a designated beneficiary may not recover proceeds obtained through certain illegal conduct.  See, e.g., Prudential Ins. Co. of Am. v. Athmer, 178 F.3d 473, 475-76 (7th Cir. 1999); Prudential Ins. Co. of Am. v. Tolbert, 320 F. Supp. 2d 1378, 1380 (S.D. Ga. 2004); cf. Ridgway, 454 U.S. at 60 n.9.  However, to the extent Plaintiffs' Complaint and related unsworn filings can be read to allege that Cross exercised undue influence on Wood or was somehow implicated in Wood's death, the Court concludes that Plaintiffs have not adduced any evidence that would override the "federal presumption of mental capacity in the insurance context" or otherwise nullify Wood's designation.  Rice v. Office of Servicemembers' Group Life Ins., 260 F.3d 1240, 1248 (10th Cir. 2001) (rejecting Plaintiff's claim that beneficiary exercised undue influence on decedent insured); see also Prudential Ins. Co. v. Hinkel, 121 F.3d 364 (8th Cir. 1997) (same).[3]  Thus, there is no genuine issue as to Cross's entitlement to the proceeds, and she is entitled to judgment as a matter of law.

---

[3] Indeed, even if Cross were held civilly liable for Wood's death, she might not be disqualified as designated beneficiary.  See Prudential Ins. Co. of Am. v. Tolbert, 320 F. Supp. 2d 1378, 1380 (S.D. Ga.

## IV.    CONCLUSION

For the foregoing reasons, the Court ORDERS that Third-Party Defendant's Motion for Summary Judgment (Docket # 25) is hereby GRANTED.  Judgment shall be entered in favor of Cross, after which the Clerk shall release the proceeds previously deposited with the Court to her, in accordance with the Court's previous Order (Docket # 19).

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 4th day of February, 2009.

---

2004) ("There is no dispute that the slayer's rule applies to [the designated beneficiary] if he is criminally if not civilly convicted of [the insured's] murder."); Jones v. Prudential Ins. Co. of Am., 814 F. Supp. 500, 501 (W.D. Va. 1993) (observing that "the slayer's rule does not in every jurisdiction extend to unintentional homicides such as involuntary manslaughter or other lesser offenses.").  Needless to say, Cross denies any act or intention to encourage Wood's death, and Plaintiffs have not offered this Court any evidence to the contrary.  (See Ex. D to Aff. of Ashley D. Cross (Docket # 27-5) ¶ 6.)